IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10365
Summary Calendar
_____

KEVIN REID ALTHOUSE,

                                        Plaintiff-Appellant,

versus

DALLAS COUNTY DISTRICT COURT, Clerk's Office (Jim Hamlin); DAVID
DANIELS, Criminal Manager - Dallas County District Clerk's Office;
CARMEN VENUS, Deputy Clerk - Dallas County District Clerk's Office;
CLAIRE MOSES, Deputy Clerk - Dallas County District Clerk's Office;
VIRGIL MELTON, Court Coordinator 265th Judicial District Court,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-2225-M
_____

August 5, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Kevin Reid Althouse, Texas prisoner #861608, appeals the
district court's dismissal of his 42 U.S.C. § 1983 civil rights
action as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and
1915A(b)(1).  Althouse contends that the district court erred in
dismissing his claims for denial of access to the courts.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"[B]efore a prisoner may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate 'that his position as a litigant was prejudiced by his denial of access to the courts.'"[1] Because Althouse failed to assert that the defendants' alleged actions prejudiced his position as a litigant, the district court did not err in dismissing Althouse's complaint as frivolous.[2]

Althouse's appeal is likewise entirely without merit and must be dismissed as frivolous.[3] This dismissal of Althouse's appeal as frivolous and the district court's dismissal of his lawsuit as frivolous constitute two strikes against Althouse for purposes of 28 U.S.C. § 1915(g).[4] If one other action or appeal filed by Althouse is dismissed on the ground that it is frivolous, malicious, or fails to state a claim, he will be barred from bringing a civil action or appeal as a prisoner proceeding in forma pauperis unless he is under imminent danger of serious physical injury.[5]

---

[1] *McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998) (quoting *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996)).

[2] *See Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001) (per curiam) (stating that a complaint is "frivolous" if it lacks an arguable basis in law or fact).

[3] *See* 5TH CIR. R. 42.2.

[4] *See Carson v. Johnson*, 112 F.3d 818, 822-23 (5th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

[5] *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED; WARNING ISSUED.