IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10857
Conference Calendar
_____


BAQUEE ANTAR SABUR,

                                        Plaintiff-Appellant,

versus

DEE ANDERSON,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-202
--------------------
February 19, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.


PER CURIAM:[*]

    Baquee Antar Sabur, Texas state prisoner # 0583653, appeals
from the district court's dismissal of his civil-rights lawsuit,
filed under 42 U.S.C. § 1983, as frivolous and for failure to
state a claim upon which relief may be granted, pursuant to 28
U.S.C. § 1915(e)(2)(B)(i), (ii).  This court reviews a dismissal
as frivolous for abuse of discretion.  See Taylor v. Johnson, 257
F.3d 470, 472 (5th Cir. 2001).  A dismissal under 28 U.S.C.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted is reviewed under the same de novo standard as a dismissal under FED. R. CIV. P. 12(b)(6). See Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).

Sabur has made no effort to refute the validity of the purported penalogical interest in denying prisoners receipt of hardback books and altered magazine and newspaper clippings. His conclusional allegations that there is no penalogical interest supporting the prison policies do not state a claim under 42 U.S.C. § 1983. See Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001), cert. denied, 122 S.Ct. 1912 (2002). Likewise, a prison official's failure to follow the prison's own policies, procedures, or regulations does not, without more, constitute a violation of due process. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

Sabur also argues that he was denied access to the courts because the law library was inadequately staffed, it was insufficient, he was denied writing and legal material, and he was not given sufficient access to the law library. Because Sabur has not alleged that he was actually denied access to the court or that any pending litigation was prejudiced by the alleged deficiencies at the law library, he therefore has not stated a claim cognizable in a 42 U.S.C. § 1983 complaint. See Mann v. Smith, 796 F.2d 79, 84 n.5 (5th Cir. 1986).

There was neither error nor an abuse of discretion in the district court's judgment dismissing Sabur's complaint. Because he did not file an additional or amended notice of appeal from the denial of his postjudgment motion, we are without jurisdiction to entertain Sabur's challenge to that order. See Taylor, 257 F.3d at 475; FED. R. APP. P. 4(a)(4)(B)(ii).

The district court's dismissal of this lawsuit as frivolous and for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Sabur that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; THREE-STRIKES WARNING ISSUED.