**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10146
Summary Calendar

MIGUEL HINOJOSA,

Plaintiff-Appellant,

versus

NFN KING, Sergeant of Correctional Officers;
NFN CAMPOS, Correctional Officer III; NFN HASKINS,
Correctional Officer III; NFN ACOSTA, Sergeant of
Correctional Officers; NFN TOMSON, Warden,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CV-141-C
- - - - - - - - - -

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Miguel Hinojosa, a Texas prisoner (# 840997), appeals from the district court's <u>sua sponte</u> dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), following a hearing pursuant to <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).  Hinojosa asserted that Sergeant King caused a cellmate to physically assault him by making it physically impossible for him, Hinojosa, to comply with lockdown rules that required the inmates to kneel before

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

receiving their sack lunches.  He asserted that other defendants were deliberately indifferent to his serious medical needs in the aftermath of the assault.

We review for abuse of discretion a district court's dismissal of a prison inmate's in forma pauperis complaint. Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001) (citing Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999)).  A district court shall dismiss an IFP complaint at any time it determines that the complaint is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  A complaint is "frivolous" if it lacks "'an arguable basis in law or fact.'"  Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (quoting Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998)).

Hinojosa failed to allege facts sufficient to demonstrate that Sergeant King was aware of facts from which the inference could be drawn that there was a "substantial risk" that the cellmate would assault Hinojosa.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Newton v. Black, 133 F.3d 301, 308 (5th Cir. 1998).  Similarly, Hinojosa has not demonstrated that defendant Officers Campos and Haskins and Sergeant Acosta were deliberately indifferent to his serious medical needs following the assault. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976); Farmer, 511 U.S. at 837.

Hinojosa has abandoned his claims against Warden Tomson, Major Cross, and an assistant warden, by failing to brief those claims on appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

The judgment of the district court is AFFIRMED. Hinojosa's motion for appointment of counsel is DENIED, as he has not demonstrated that "exceptional circumstances" exist. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

AFFIRMED; MOTION DENIED.