United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30022
Summary Calendar
_____

ROGER DANIEL BRYAN,

                              Plaintiff-Appellant,

versus

ROBERT LEVY; DAN GRADY, III; SUE BUCKLEY;
TOMMY ADKINS; SHAWN AUFORD,

                              Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CV-1061
- - - - - - - - - -

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Roger Daniel Bryan, a Louisiana prisoner (# 95862) serving a life sentence for a 1979 conviction of first-degree murder, appeals from the district court's <u>sua</u> <u>sponte</u> dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). Bryan contends that the defendants violated his Fourth Amendment rights by causing him to be detained without an indictment in 1978, following an "abduction" in Alabama, and that they falsified and destroyed documents in order to hold him

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indefinitely.  He also seeks to assert a civil claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act.

We review for abuse of discretion a district court's dismissal of a prison inmate's in forma pauperis complaint. Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001) (citing Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999)). A district court shall dismiss an IFP complaint at any time it determines that the complaint is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  A complaint is "frivolous" if it lacks "'an arguable basis in law or fact.'"  Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

The district court properly cited three grounds for dismissing Bryan's complaint.  First, all but one of the named defendants, Buckley, were prosecutors who were entitled to absolute immunity for acts in their role as prosecutors. See Brooks v. George County, Miss., 84 F.3d 157, 168 (5th Cir. 1996).  Second, Bryan's action is barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994), because his Fourth Amendment claims call into question the validity of his conviction. See id. at 487.  Finally, Bryan's allegations, almost all of which appear to concern in events in 1978, are barred by the applicable one-year Louisiana limitations statute for personal-injury actions.  See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998).  The district court did not abuse its discretion in dismissing the complaint as frivolous.  Taylor, 257 F.3d at 472.  The court also did not abuse its discretion in declining to

appoint counsel for Bryan. See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).

Bryan's appeal is without arguable merit. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we DISMISS the appeal as frivolous. 5TH CIR. R. 42.3.

APPEAL DISMISSED AS FRIVOLOUS.