United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-11290
Summary Calendar

BYRON BERNARD DUPREE,

Plaintiff-Appellant,

versus

KWESI MFUME; NATIONAL ASSOCIATION FOR
THE ADVANCEMENT OF COLORED PEOPLE,

Defendants-Appellees.

**United States District Court
for the Northern District of Texas
(3:03-CV-2240-L)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Byron Bernard Dupree, Texas inmate # 828005, moves *pro se* for leave to proceed *in forma pauperis* (IFP) in his appeal of the dismissal of his 42 U.S.C. § 1983 complaint as frivolous. Dupree's IFP motion is a challenge to the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In his complaint, Dupree alleged that the National Association for the Advancement of Colored People (NAACP) and its president, Kwesi Mfume, violated his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

civil rights by refusing to provide him with legal representation to challenge his conviction and resulting incarceration on a drug charge.

This court reviews the dismissal of a complaint as frivolous for abuse of discretion. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). A complaint is frivolous if it lacks "an arguable basis in law or fact". *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). The district court did not err in dismissing Dupree's complaint. Neither the NAACP, a private organization, nor Mfume, a private citizen, is a state actor. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Yeager v. City of McGregor*, 980 F.2d 337, 339 (5th Cir.), *cert. denied*, 510 U.S. 821 (1993).

Dupree's appeal lacks arguable merit, and the district court did not err in finding it was not taken in good faith. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Dupree's motion for leave to proceed IFP on appeal is **DENIED**, and his appeal is **DISMISSED** as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of Dupree's appeal as frivolous counts as a "strike" for the purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal as frivolous of his 42 U.S.C. § 1983 complaint. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). We **CAUTION** Dupree that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any

2

facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

**APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED**