United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41226
Summary Calendar

_____

PHILLIP MARK BAILEY,

Plaintiff-Appellant,

versus

CHRIS TURNER, Officer, City of Tyler Police; FNU
HALL, Sergeant, Supervisor, City of Tyler Police;
GARY SWINDLE, Chief, City of Tyler Police; OFFICER,
Smith County Detention Center; J. B. SMITH,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CV-452-JKG
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Phillip Mark Bailey, who is now a Texas prisoner
(# 1170944), appeals from the district court's order dismissing
his pro se 42 U.S.C. § 1983 civil rights action as frivolous,
under 28 U.S.C. § 1915(e)(2)(B)(i), following a hearing pursuant
to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

In his complaint, Bailey alleged that Police Sergeant Hall
and Officer Turner of the City of Tyler (Tex.) Police Department
subjected him to excessive force during his arrest in the early
morning hours of December 10, 2002, when they took him to the

-------------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ground after a high-speed police chase and Hall sprayed pepper or "OC" spray directly into Bailey's eyes, mouth, and nose for as long as 25 seconds while Bailey was handcuffed on the ground and not resisting. Bailey also alleged that, after Turner and Hall took him to the Smith County Jail ("Jail"), Turner and an unknown officer at the Jail refused to "decontaminate" him or otherwise treat him for the injuries caused by the pepper spraying. Finally, Bailey sued two supervisory defendants, Police Chief Gary Swindle and Sheriff J. B. Smith, based on their alleged failure to train subordinates adequately and to enforce policies.

The magistrate judge dismissed all of these claims as frivolous after considering testimony from a lengthy hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), as well as Bailey's inmate medical records and a police videotape of the police chase and arrest. The magistrate judge determined that the videotape contradicted Bailey's central allegation that he was pepper-sprayed for as long as 25 seconds, because, according to the magistrate judge, the tape showed that Bailey was taken to the ground and lifted back to his feet in the short span of 16 or fewer seconds. The magistrate judge concluded that the defendants' use of force was not unreasonable, given the dangerous car chase, Bailey's admission to having been drinking and smoking crack cocaine, and Bailey's unpredictable behavior upon emerging from his truck after police finally succeeded in stopping him. The magistrate judge also ruled that Bailey's allegations that defendants were deliberately indifferent to his serious medical needs were contradicted by Bailey's own sick-call

requests and medical records, which showed that he complained about no medical problems conceivably related to the pepper spraying until June 2003, six months after the arrest.

A district court shall dismiss an IFP complaint at any time that the court determines that the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). This court reviews a dismissal as frivolous for abuse of discretion. Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001). A complaint is "frivolous" if it lacks "an arguable basis in law or fact." Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory[.]" Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citation and internal quotation marks omitted). "'A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.'" Berry, 192 F.3d at 507 (citation omitted).

A claim that a law enforcement officer used excessive force in the course of an arrest is analyzed under the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 395 (1989). An excessive-use-of-force claim requires a plaintiff to prove 1) an injury, which 2) resulted directly and solely from the use of force that was clearly excessive to the need, and the excessiveness of which was 3) objectively unreasonable. Ikerd v. Blair, 101 F.3d 430, 433-34 (5th Cir. 1996). This determination "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at

issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

The magistrate judge's designation of Bailey's excessive-force claim as frivolous was based largely on her interpretation of events on the videotape, which she believed contradicted Bailey's central allegation. The magistrate judge determined that the tape showed that Bailey continued to move forward after being told to "get his hands up" and that he was on the ground for only "about half [of the] time" that Bailey alleged that defendant Hall had sprayed him with pepper spray. Our review of the tape produces far less certainty about those events. The take-down and handcuffing of Bailey occurred off-screen. It is at least arguable that the tape shows that Bailey in fact stopped in his tracks for three or four seconds before being tackled by one or both of the officers. It is also arguable that the tape shows that, after tackling and handcuffing Bailey, one of the two officers did not get off the ground for approximately 25 seconds and that Bailey himself was not pulled off the ground for approximately two minutes. In our view, the tape is insufficient to contradict Bailey's allegation that defendant Hall sprayed him directly in the face with pepper spray for between 10 and 25 seconds. Although Bailey was plainly intoxicated and had led the officers on a dangerous, high-speed chase, we conclude that Bailey's allegations were adequate to state a non-frivolous excessive-force claim. See Graham, 490 U.S. at 396; Estate of

Moreland v. Dieter, 395 F.3d 747, 757 (7th Cir.), cert. denied, 125 S. Ct. 2915 (2005); Champion v. Outlook Nashville, Inc., 380 F.3d 893, 901 (6th Cir. 2004), cert. denied, 125 S. Ct. 1837 (2005); Vinyard v. Wilson, 311 F.3d 1340, 1348 & nn. 10, 11, & 12 (11th Cir. 2002). Accordingly, we VACATE and REMAND for further proceedings as to Bailey's excessive-force claim against defendants Hall and Turner.

As for Bailey's claim that certain defendants were deliberately indifferent to his serious medical needs, a pre-trial detainee's "constitutional right to medical care . . . flows from the procedural and substantive due process guarantees of the Fourteenth Amendment." Wagner v. Bay City, Tex., 227 F.3d 316, 324 (5th Cir. 2000). To establish an unconstitutional denial of medical care, a pretrial detainee must show that an official "'acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted.'" Id. (citation omitted). The officer must have subjective intent to cause harm. Id. Such deliberate indifference involves more than mere negligence in failing to provide medical treatment. Williams v. Treen, 671 F.2d 892, 901 (5th Cir. 1982).

We agree with the magistrate judge that Bailey's rather vague deliberate-indifference allegations were contradicted by Spears testimony and evidence and were frivolous. First, the police videotape, insofar as it is audible, shows that, during an approximately 40-minute period during which Bailey was placed in the back of the patrol car after his arrest and then driven to the Jail, Bailey made no explicit request for medical treatment

for the effects of the pepper spray. During the <u>Spears</u> hearing itself, Bailey did not appear certain about his memory of what treatment he had received, or not received, upon his arrival at the Jail. Finally, the medical records show that Bailey made frequent sick-call requests between December 11, 2002 (the day after the arrest), and June 2003, but that none of those requests involved any medical complaint that could be reasonably construed as having been caused by the pepper spraying on December 10, 2002. Although Bailey was treated for serious nosebleeds in June 2003, there is nothing in the records or in his own allegations to show that they were caused by the pepper spray. The magistrate judge did not abuse her discretion in concluding that Bailey's deliberate-indifference claims were contradicted by the medical records and other evidence. <u>See</u> <u>Banuelos v. McFarland</u>, 41 F.3d 232, 235 (5th Cir. 1995); <u>Taylor</u>, 257 F.3d at 472. We AFFIRM the dismissal of Bailey's deliberate-indifference claims as frivolous.

Insofar as Bailey is suing supervisory defendants Smith and Swindle, his allegations remain far too conclusory to establish a causal connection between either supervisor's conduct and any constitutional violation. <u>See</u> <u>Colle v. Brazos County, Tex.</u>, 981 F.2d 237, 243 (5th Cir. 1993); <u>Thompson v. Belt</u>, 828 F.2d 298, 303 (5th Cir. 1987).

AFFIRMED IN PART; VACATED AND REMANDED IN PART. We express no view on the ultimate merits of the case on remand.