United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20137
Summary Calendar

GERALD ALLEN PERRY,

                                        Plaintiff-Appellant,

versus

KKK JOHN B. HOLMES, Former District Attorney of
Harris County; STEVE BALDASSANO, Former Assistant
District Attorney of Harris County; BOYOL SMITH,
Sergeant; K. R. WILLIAMSON, Sergeant,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-3865
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

In 2004, Gerald Allen Perry, a Texas prisoner (# 644896)

serving a 45-year prison sentence for a 1993 jury-trial

conviction of aggravated robbery, filed the instant 42 U.S.C.

§ 1983 civil rights action challenging that conviction and

sentence as being the product of bad-faith prosecution and false

imprisonment. He alleged that the defendants produced a

fraudulently incomplete affidavit to support his arrest warrant.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Perry now appeals the district court's dismissal of his complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B), as barred by the applicable two-year Texas limitations statute for personal injury actions.

The district court erred in concluding that Perry's complaint was time-barred. Because Perry continues to serve the prison sentence for the conviction he is effectively attacking, his claims have not yet accrued for limitations purposes, under the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994). See Castellano v. Fragozo, 352 F.3d 939, 959 (5th Cir. 2003), cert. denied, 125 S. Ct. 31 (2004). This court may affirm on any ground, however, that is apparent from the record. Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992). In the instant case, the Heck doctrine itself is such a ground. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal or otherwise invalidated by official action. Heck, 512 U.S. at 486-87 (footnote omitted). If a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that conviction or sentence has already been invalidated." Id. at 487. Because Perry's malicious-prosecution

and false-imprisonment claims directly implicate the validity of his conviction and confinement, his claims are not cognizable under 42 U.S.C. § 1983.  See id.

Although the district court's dismissal was based on an erroneous legal basis, the court's underlying conclusion that Perry's complaint was frivolous was correct.  See Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001).  Perry's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, the appeal is DISMISSED.  See 5TH CIR. 42.2.

The dismissal of Perry's complaint as frivolous and of this appeal as frivolous count as "strikes" for purposes of the three-strikes provision, 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Perry is cautioned that if he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.