United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-11491
Summary Calendar

MARK EARL KIRBY,

Plaintiff-Appellant,

versus

GARY JOHNSON; JANIE COCKRELL; DR. FNU LEHRER;
DR. FNU PENLAND; CAPT. FNU BARDIN; WARDEN FNU DUKE;
ASSISTANT FNU EASON; ASSISTANT WARDEN FNU COOK;
J. GRIMES, Major; MAJOR J. GREEN; PATIENT LIASION
PROGRAM; FNU AVANTS, Captain; FNU SCHUMACKER;
MAJOR FNU OLIVER,

Defendants-
Appellees.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CV-227
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mark Earl Kirby, Texas prisoner # 700475, appeals the magistrate judge's grant of summary judgment in favor of Lehrer and the district court's dismissal as frivolous of Kirby's claims as to all other defendants. Kirby filed a pro se, in forma pauperis, 42 U.S.C. § 1983 complaint against Lehrer and numerous prison officials, alleging conspiracy, as well as a violation of his constitutional rights concerning his prison classification, his prison unit assignment, various disciplinary proceedings and the punishment that he received, and the denial of adequate medical treatment for a serious condition. Kirby's notice of appeal served to bring all of his claims against the defendants before this court. *See Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1173 n.18 (5th Cir. 1985).

Dismissal of claims as frivolous

We review the dismissal as frivolous of a § 1983 complaint for abuse of discretion. *See Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). To the extent that Kirby challenges the results of disciplinary hearings, he has failed to demonstrate that the decisions resulting from the disciplinary proceedings were reversed or expunged. *See Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997). Kirby's challenges to his classification status and unit placement are without merit; prison officials exercise sole discretion over inmate classification, and inmates do not have a constitutionally protected interest in housing in certain facilities. *See Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990).

Kirby's allegations of conspiracy are conclusional and are not sufficient to demonstrate a conspiracy. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Kirby's challenges to the conduct of various prison officials, with the exception of Lehrer, are insufficient to establish constitutional violations; "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Finally, Kirby asserts that he was

denied adequate medical treatment in 2000 because his psychiatric medications were discontinued abruptly without sufficient examination of his medical records and without thorough medical examinations. Kirby's claims constitute a disagreement with medical treatment rather than a cognizable claim of deliberate indifference to a serious medical need under the Eighth Amendment. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Accordingly, the district court did not abuse its discretion by dismissing Kirby's claims as frivolous. *See Taylor*, 257 F.3d at 472.

Summary judgment

Kirby asserts that a genuine issue of material fact as to an Eighth Amendment violation exists concerning Lehrer's discontinuance of Kirby's psychiatric medications. He argues that the abrupt discontinuance of his medications led to his attempted suicide in 2002. Kirby contends that Lehrer should have known of the adverse effects associated with the sudden discontinuance of such medications. Kirby asserts that based on his prior history of suicide attempts and his outbreak of shingles, Lehrer's conduct amounted to deliberate indifference to his serious medical needs and constituted a violation of his rights under the Eighth Amendment.

We review de novo the district court's grant of summary judgment. *See Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The facts underlying a claim of deliberate indifference "must *clearly evince* the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (internal quotation marks and citation omitted). Unsuccessful medical treatment, negligence, neglect, and medical malpractice do not give rise to a § 1983 cause of action,

and an inmate's disagreement with his medical treatment does not establish a constitutional violation. *See Varnado*, 920 F.2d at 321. Likewise, an incorrect diagnosis does not suffice to state a claim for deliberate indifference. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Kirby's allegations constitute disagreement with Lehrer's treatment of Kirby's medical condition, or at most, negligence or medical malpractice, all of which are insufficient to establish a claim of deliberate indifference. *See Varnado*, 920 F.2d at 321. Kirby has not established the existence of a genuine issue for trial. *See* FED. R. CIV. P. 56. Accordingly, Kirby has now shown that the magistrate judge erred by granting summary judgment.

Kirby's challenges to the magistrate judge's denial of his motions and discovery requests are without merit. Kirby's assertion that the magistrate judge did not rule on his motion to appoint counsel is refuted by the record. Kirby's argument that the magistrate judge failed to rule on his motion for a class action is meritless. Discovery is not a prerequisite to the disposition of a motion for summary judgment. *See, e.g., Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Discovery matters are entrusted to the "sound discretion" of the district court. *Richardson v. Henry*, 902 F.2d 414, 417 (5th Cir. 1990). Kirby has not demonstrate error in the magistrate judge's rulings on his motions and discovery requests. Kirby challenges the denial of his requests for injunctive relief. The magistrate judge determined that Kirby's requests for such relief were moot because Kirby is no longer incarcerated at the Robertson Unit and Lehrer is no longer employed by the Texas Department of Criminal Justice. Injunctive relief is inappropriate when sought to prevent injury that is speculative at best. *See Carter v. Orleans Parish Public Schools*, 725 F.2d 261, 263 (5th Cir. 1984).

Accordingly, the judgments of the district court and the  magistrate judge are AFFIRMED.

Kirby's motion for appointment of counsel is DENIED.