**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-20784
Summary Calendar

MICHAEL PHILLIPS,

Plaintiff-Appellant

v.

A. CASTILLO, Senior Warden of Estelle Unit; GUNNELL, Assistant Warden, Estelle Unit; K. MAYFIELD, Assistant Regional Director of TDCJ-TID; TRACY PUCKETT, Sergeant, Estelle Unit; Sharon L. Walker, Counsel Substitute Estelle Unit; MILLER, Sergeant, Estelle Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2511

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The district court dismissed the 42 U.S.C. § 1983 suit filed by Michael Phillips, Texas prisoner # 609548, to challenge his prison disciplinary proceedings after determining that the claims raised therein were frivolous, duplicative, and failed to state a claim upon which relief could be granted. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court denied Phillips's motion for leave to proceed in forma pauperis (IFP) on appeal based on its determination that Phillips's appeal was not taken in good faith. We are now presented with Phillips's request to proceed IFP on appeal, which is a challenge to the district court's good-faith determination. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1992).

Phillips argues that his § 1983 suit raised claims that implicated his constitutional rights and that the district court erred by determining that these claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). According to Phillips, the district court should have held a *Spears*[1] hearing before dismissing his suit. He does not brief, and has thus waived, the issue whether the district court erred by certifying that his appeal would raise no nonfrivolous claims challenging its holding that his suit was duplicative. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *see also* FED. R. APP. P. 28(a)(9).

Because Phillips's disciplinary conviction is still extant, and because success on the instant suit would imply that this conviction was invalid, the district court did not err in determining that Phillips's suit is barred by *Edwards* and *Heck*. *See Edwards*, 520 U.S. at 646-48; *Heck*, 512 U.S. at 486-87. There is no indication that the deficiencies in Phillips's complaint could have been remedied with a *Spears* hearing; Phillips thus has not shown that the district court erred by dismissing his complaint without first holding such a hearing. *See Taylor v. Johnson*, 257 F.3d 470, 474 (5th Cir. 2001).

Phillips has not shown that he will present any nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His motion for leave to proceed IFP is denied, and this appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2. Our dismissal of Phillips's appeal as frivolous and the district court's dismissal of his civil rights suit count as two

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). We warn Phillips that if he accumulates a third strike pursuant to § 1915(g) he shall be barred from proceeding IFP while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.