# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 09-50256
Summary Calendar

May 14, 2010

Lyle W. Cayce
Clerk

JAY MARTIN BARNES,

Plaintiff-Appellant,

v.

MILAM COUNTY SHERIFF'S DEPARTMENT; SHERIFF CHARLIE WEST; MILAM COUNTY HEALTH PROVIDERS,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CV-11

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jay Martin Barnes, Texas inmate # 1176708, moves for leave to proceed in forma pauperis (IFP) on appeal following the district court's denial of his IFP motion and certification that his appeal is not taken in good faith. Barnes's IFP motion challenging the certification decision "must be directed solely to the trial court's reasons for the certification decision." *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

The district court is directed to dismiss a complaint filed by a prisoner if the complaint is frivolous. *See* 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B). A movant for leave to proceed IFP on appeal must show that he is a pauper appealing in good faith, i.e., that his appeal presents a nonfrivolous issue. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). "Frivolous" is defined as "lack[ing] an arguable basis in law or fact." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). "[A] complaint lacks such a basis if it relies on an indisputably meritless legal theory." *Id.* The dismissal of a complaint as frivolous is reviewed for abuse of discretion, and the dismissal of a complaint for failure to state a claim under § 1915A is reviewed de novo. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Because the district court's dismissal was based on § 1915(e)(2)(B)(i), (ii) and § 1915A(b)(1), review is de novo. *See id.*

Barnes maintains that, while he was in their custody, the defendants discontinued his prescribed medications and substituted other medications and that the defendants otherwise denied him medical care when he needed it. Proceeding pursuant to 42 U.S.C. § 1983, he asserts that the defendants' actions and omissions violated rights guaranteed him by the Eighth and the Fourteenth Amendments.

Prison officials violate the constitutional proscription against cruel and unusual punishment when they exhibit deliberate indifference to a prisoner's serious medical needs, causing unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). To prevail on a claim of inadequate medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "The legal conclusion of 'deliberate indifference' . . . must rest on facts clearly evincing 'wanton' actions on the part of the

2

defendants." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (applying *Farmer* to medical claims). This requires not only that the official be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists but also that he indeed draw the inference. *Farmer*, 511 U.S. at 839. Neither unsuccessful medical treatment, nor negligence, nor medical malpractice is enough to give rise to a § 1983 cause of action. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Further, a prisoner's disagreement with his medical treatment is ordinarily insufficient to support an action under § 1983. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

Barnes's allegations of deliberate indifference are conclusory and do not suffice to raise a nonfrivolous appellate issue. *See Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 278 (5th Cir. 2001). Further, Barnes's allegations that jail officials changed his medications state, at best, a claim of malpractice or of negligence, neither of which is actionable under § 1983. *See Stewart*, 174 F.3d at 534. Moreover, Barnes's acknowledgment that the defendants provided him with care when he was in medical crises belies his claim that they were indifferent to his medical needs.

Barnes has failed to show that the district court erred in dismissing his complaint. *See Geiger*, 404 F.3d at 373. Because Barnes's appeal does not present a nonfrivolous issue, his IFP motion is denied and his appeal is dismissed. *See Carson*, 689 F.2d at 586; 5th Cir. R. 42.2. The dismissal of Barnes's complaint counts as a strike for purposes of § 1915(g), and the dismissal of his appeal counts as a second strike. *Cf. Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Barnes is cautioned that if he accumulates three strikes under § 1915(g) he will not be able to proceed IFP in any civil action or appeal

filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION TO PROCEED IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.