**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 17, 2011

Lyle W. Cayce
Clerk

No. 10-10801
Summary Calendar

WILLIAM N. OLIVER,

Plaintiff - Appellant

v.

DOCTOR KANAN, medical staff doctor at Federal Correctional Institution Fort Worth; DOCTOR TOBERA, medical staff doctor at Federal Correctional Institution Fort Worth; FEDERAL CORRECTIONAL INSTITUTION MEDICAL STAFF,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-767

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Proceeding *pro se* and *in forma pauperis*, William Oliver, federal prisoner # 44269-004, appeals the dismissal, for failure to state a claim, or as frivolous, of his claim seeking relief under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) (establishing cause of action to seek judicial relief against federal officers for constitutional-right

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violations).  Oliver contends Doctors Kanan and Tobera, Physician's Assistant Marrero, and other unnamed medical staff of the Federal Correctional Institute at Fort Worth, Texas:  failed to provide care, or provided inadequate care, for various medical ailments, in violation of the Eighth Amendment; and discriminated against him on the basis of his race, in violation of the Fifth Amendment.

In dismissing Oliver's complaint, the district court cited both 28 U.S.C. §§ 1915 and 1915A; accordingly, our review is *de novo*.  *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Prison officials violate the Eighth Amendment prohibition against cruel and unusual punishment when they exhibit "deliberate indifference to the serious medical needs of prisoners".  *Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002) (citation omitted).  To state such a claim, plaintiff must prove: "he was exposed to a substantial risk of serious harm"; and prison "officials were actually aware of the risk, yet consciously disregarded it".  *Id.*

Oliver claims, as insufficient or inappropriate, his receiving treatment for: arthritis, a foot infection, chest and neck pains, and kidney problems. Disagreeing with medical treatment, however, does not state an Eighth Amendment deliberate-indifference claim.  *E.g.*, *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).  His alleging that medical staff improperly withheld medication for his eyes, that he had a reaction to an unspecified medication, that medical staff failed to provide him with soft sole shoes, and that Physician's Assistant Marrero stated he had no "wonder drug" for Oliver, fails to state the harm suffered and fails to show that medical staff knew of, and disregarded, a substantial risk of serious harm.

Oliver also states doctors were aware of his diarrhea and bloody stool, but failed to treat those conditions.  Those allegations, however, show no duration

to his conditions and admit that doctors had performed tests to determine the cause (the results of which had not all been returned).  Thus, he again makes no showing of conscious disregard of a substantial risk of serious harm by the medical staff.  *See Lawson*, 286 F.3d at 262.

For breast pain and swollen right arm: Oliver alleged prison medical staff did not treat his complaint, not that they consciously disregarded a risk of serious harm.  *See id.* at 262-63.  Accordingly, Oliver fails to state a medical-indifference claim.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Similarly, his vague and conclusory statements that defendants provided white inmates with proper health care, but denied it to him, fail to state a constitutional racial-discrimination claim.  *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). He neither identifies a particular defendant nor states how any defendant acted with a discriminatory purpose. *See Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001) (equal protection claim requires showing discriminatory treatment stemming from discriminatory intent).

Oliver is cautioned:  dismissal of his complaint in district court under 28 U.S.C. § 1915A(b)(1) counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996) (citation and internal quotation marks omitted).  Oliver is cautioned that if he accumulates three strikes under § 1915(g), he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury".  *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.