IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40921
Conference Calendar
_____

MICHAEL HENRY SMITH,

                                        Plaintiff-Appellant,

versus

KARLA W. CORCORAN, The Inspector General of the United States
Postal Service; THOMAS, The Postal Inspector in Houston,
Texas; POSTMASTER GENERAL JOHN E. POTTER, Station Master
of the Beaumont Post Office For the 77700 Zip Codes; POSTAL
CLERK, Who Issued Article Numbers 7000 0520 0016 5082 7540
& 7557,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-546
--------------------
February 19, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Michael Henry Smith, federal prisoner # 04325-003, appeals

the dismissal of his <u>Bivens</u>[**] complaint for failure to state a

claim.  Smith argues that the district court misconstrued his

complaint; he asserts that his claims are based on the refusal of

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

    [**] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics</u>, 403 U.S. 388 (1971).

postal officials to investigate mail tampering because he is a prisoner, which he argues is an "unconstitutional motive."

Liberally construed, Smith is attempting to raise an equal protection claim. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). To establish an equal protection claim, a plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." See Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001).

Smith does not allege he was treated differently than other "similarly situated" individuals. He claims that postal officials refused to investigate because he is a prisoner; however, non-prisoners and prisoners are not "similarly situated." See Cunningham v. Beavers, 858 F.2d 269, 272 (5th Cir. 1988) (equal protection "does not require classes of people different in fact or opinion to be treated in law as though they were the same"). His appeal is without merit and is DISMISSED.

The district court's dismissal and the dismissal of this appeal each count as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Smith is warned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.