**United States Court of Appeals
Fifth Circuit**

**F I L E D**

June 23, 2004

**Charles R. Fulbruge III
Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41621
Conference Calendar

_____

GERMAN RODRIGUEZ,

                                        Plaintiff-Appellant,

versus

RAMONIA COLLINS, Correctional Officer III; SHIRLENE HASTY,
Sergeant; CYNTHIA CHOAT, Counselor Substitute I; CLIFTON
MATTOX, Disciplinary Captain,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-92
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     German Rodriguez, Texas prisoner # 748574, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint as
frivolous.  He argues that his allegations established an Eighth
Amendment violation and that, even absent physical injury, he is
entitled to nominal and punitive damages, as well as declaratory
and injunctive relief.  He further asserts that the demotion in
his time-earning status implicated due process protections.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Rodriguez's allegations established that Officer Collins and Sergeant Hasty would not allow him to use the restroom for several minutes. As the district court determined, Rodriguez's allegations do not demonstrate that the defendants deprived him "of the minimal civilized measures of life's necessities." Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999) (internal quotation marks and citation omitted). Although Rodriguez also asserts that the defendants' actions interfered with his medical treatment, he fails to explain how not allowing him to go to the restroom interfered with his taking blood pressure medicine. Therefore, the district court did not abuse its discretion in dismissing Rodriguez's Eighth Amendment claim as frivolous. See Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001).

Likewise, the district court did not abuse its discretion in dismissing Rodriguez's due process claim, as this court has specifically held that a demotion in time-earning status does not trigger due process protections. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Rodriguez's argument that he is entitled to nominal and punitive damages, as well as declaratory and injunctive relief, need not be addressed, as that argument relates to the district court's alternative basis for dismissing Rodriguez's Eighth Amendment claim.

The district court's dismissal of the complaint as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).

Rodriguez is WARNED that if he accumulates three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  Id.

AFFIRMED; SANCTION WARNING ISSUED.