United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-21059
Summary Calendar

SAMMY K. SHIPMAN,

Plaintiff-Appellant,

versus

MICHAEL CROOKS, VAMERNETERS SMITH; JAMES A. SIMPSON; MIKE WILSON;
WAYNE SCOTT, Director; LANNETTE LINTHICUM, Dr.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-1655
--------------------

Before EMILIO M. GARZA, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sammy K. Shipman, Texas prisoner #583548, appeals the grant
of summary judgment and dismissal with prejudice as frivolous of
his 42 U.S.C. § 1983 complaint, which alleged constitutional
violations in connection with his being sprayed with chemical
agents.  Shipman argues on appeal that Dr. Lannette Linthicum was
not entitled to qualified immunity with respect to his claim
against her in her official capacity for injunctive relief and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the district court erred in granting summary judgment in favor of Vamerneters Smith, Michael Crooks, and Mike Wilson. He also argues that the district court failed to address his state-law tort claims of assault and battery and that the district court erred in finding that he was proceeding in forma pauperis ("IFP"). We do not consider the inmate affidavits attached to Shipman's appellate brief or his assertion that Wilson was present during the incident in question as this evidence and assertion are presented for the first time on appeal. Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

"[A] § 1983 action seeking prospective injunctive relief based on federal constitutional violations may be brought against state officials in their official capacities." Harris v. Angelina County, 31 F.3d 331, 337-38 (5th Cir. 1994). Qualified immunity is not available as a defense in official capacity actions. See Kentucky v. Graham, 473 U.S. 159, 166-67, (1985). As Shipman did not show that his constitutional rights were violated or that the lack of a policy prohibiting the use of chemical agents on him was a causative factor in his being sprayed with chemical agents, the dismissal as frivolous of his claim against Linthicum for injunctive relief was not an abuse of discretion. See Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001); Kentucky v. Graham, 473 U.S. at 166. In dismissing this claim as frivolous, the district court correctly noted that

Shipman was proceeding IFP. We note that any claims against Linthicum in her individual capacity have been abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The summary judgment evidence indicated that, with the exception of a rash, Shipman suffered no injury from being sprayed with chemical agents and that neither Smith nor Crooks acted with malice on the day in question. Rather, the summary judgment evidence, including the evidence submitted by Shipman, indicated that Smith and Crooks, in good faith, were trying to make Shipman comply with Smith's orders and to restore discipline. Accordingly, Smith and Crooks did not use excessive force against Shipman, and the summary judgment in favor of these two defendants was not error. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998).

Shipman argues that Wilson is liable as a supervisory official because he told Smith to use chemical agents against him with "knowledge that Smith possessed a propensity to misuse chemical agents maliciously and sadistically against inmates." As he does not argue on appeal that Wilson should have developed a policy to protect him from chemical agents or that Wilson knew of his physical ailments, any arguments in that regard have been abandoned. See Brinkmann, 813 F.2d at 748.

The summary judgment evidence did not indicate that Wilson knew Smith had a propensity to misuse chemical agents or that any prison policy or lack of policy constituted a repudiation of Shipman's constitutional rights or was the moving force behind a constitutional violation.  See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).  Accordingly, the district court's grant of summary judgment in favor of Wilson was not error.

The district court did not address Shipman's state-law claims of assault and battery against Smith and Crooks.  We AMEND THE JUDGMENT to reflect that these state-law claims are DISMISSED WITHOUT PREJUDICE, see Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir. 1999), and we AFFIRM AS AMENDED.

AFFIRMED AS AMENDED.