United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10612
Conference Calendar

_____

DARRELL S. JOHNSON,

                                        Plaintiff-Appellant,

versus

DRUG ENFORCEMENT AGENCY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-410-G
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Darrell S. Johnson, a Texas resident, challenges the

district court's denial of his application to proceed in forma

pauperis ("IFP") on appeal following the district court's

dismissal of his civil complaint as frivolous.  Johnson is

effectively challenging the district court's certification that

he should not be granted IFP status because his appeal is not

taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202

(5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Johnson's action concerns the alleged 1996 implantation of a transmitter in his scalp by the Drug Enforcement Administration ("DEA"). He has alleged that the DEA has thus caused him to be: "aggressively sought after for purposes of sexual reasons by many famous individuals"; made a "laughing st[oc]k to[ ] members of Organized Crime Families[ ] and Cripps/Bloods Gang members"; known by 70 percent of the United States's population; subjected to "extremely high numbers of sexual assaults" by a "vigilante mob"; and exploited by "wealthy persons" from Europe and Asia who have sought to "clone [his] spiritual persona" and "remov[e] [his] Reproductive Fluids." The district court did not abuse its discretion in concluding that such allegations were factually frivolous; the allegations are indeed "fanciful," "fantastic," and "delusional." See Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001); Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995).

Because Johnson has failed to show that his complaint presented nonfrivolous issues for appeal, we uphold the district court's order certifying that the appeal is not taken in good faith. Johnson's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Johnson is warned that future frivolous filings will subject him to sanctions.

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.