# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 15, 2010

Lyle W. Cayce
Clerk

No. 09-41241
Summary Calendar

MORRIS MILLER,

> Plaintiff-Appellant

v.

LIEUTENANT HOLEMAN; WARDEN RUPERT,

> Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-328

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Morris Miller, proceeding pro se, sued the defendants under 42 U.S.C. § 1983, alleging that he was wronged in an incident at the institution in which he is incarcerated. The district court dismissed the action for failure to state a claim and for frivolousness. Miller appeals.

Miller contends on appeal that his constitutional right of protection from cruel and unusual punishment was violated by the defendants. Given that Miller fails to present any argument or cite any authority in support of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

newly-raised issue of cruel and unusual punishment, however, he fails to preserve it for review. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("'[A]rguments must be briefed to be preserved.'"). Additionally, Miller fails to identify any error in the district court's analysis; this is equivalent to a failure to appeal the district court's decision. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey*, 985 F.2d at 224-25.

Miller's allegations are bald conclusions, and conclusory allegations do not suffice to raise a nonfrivolous appellate issue under § 1983. *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 278 (5th Cir. 2001). Because Miller's complaint "lacks an arguable basis in law or fact," it is frivolous. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001); *see also* 5TH CIR. R. 42.2.

The dismissal of Miller's complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), and the dismissal of his appeal as frivolous counts as a second strike. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Miller is warned that if he accumulates three strikes under § 1915(g) he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED.