# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2011

Lyle W. Cayce
Clerk

No. 10-10982
Summary Calendar

TERRY JAMES,

Plaintiff-Appellant

v.

WANDA PARISH,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-1437

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Terry James appeals the district court's summary judgment in favor of Wanda Parish, dismissing his 42 U.S.C. § 1981 action with prejudice. James has filed a motion for leave to proceed in forma pauperis (IFP) on appeal, challenging the district court's denial of IFP and certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(2); FED. R. APP. P. 24(a)(3). James argues that Parish refused to provide verification of his lost wages at Fiesta Food Mart, which prevented him

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10982

from obtaining personal injury protection benefits under his insurance contract and that Parish's interference with the enforcement of his insurance contract was retaliatory and racially motivated.

James has not shown that the district court erred in granting Parish's summary judgment motion.  We have suggested that a plaintiff does not have a cause of action under § 1981 against a third party for interference with the plaintiff's right to make and enforce contracts.  *See Felton v. Polles*, 315 F.3d 470, 480 (5th Cir. 2002), *abrogated on other grounds*, *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *see also Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994).  Further, James has not shown that Parish acted with intent to discriminate against him on the basis of his race.  James did not allege any facts that would indicate that Parish failed to provide the verification of lost wages because of James's race.  *See Green*, 27 F.3d at 1086.  James is not entitled to relief based on his conclusional allegations.  *See Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

This appeal is without arguable merit and is thus frivolous.  *See Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001).  Accordingly, James's IFP motion is DENIED and the appeal is DISMISSED.  *See Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2.