# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2011

Lyle W. Cayce
Clerk

No. 10-50872
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PONCIANO TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-34-2

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Ponciano Torres, federal prisoner # 79451-180, was convicted of aiding and abetting the possession, with intent to distribute, of marijuana and cocaine within 1,000 feet of a school. *See* 21 U.S.C. §§ 851(a)(1) and (c)(1)(C), 860; 18 U.S.C. § 2. In calculating his guidelines sentencing range, the district court assigned Torres a firearm enhancement. *See* U.S.S.G. § 2D1.1(b)(1). Torres was sentenced to 78 months of imprisonment. Forgoing an appeal, Torres instead moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), asserting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that a reduction was proper pursuant to Amendment 599 to the Sentencing Guidelines, which amended U.S.S.G. § 2K2.4. The district court denied the motion for lack of jurisdiction, determining that no provision of § 3582(c) applied to Torres's case. Additionally, the district court denied Torres permission to proceed in forma pauperis (IFP) on appeal, determining that Torres's appeal was not in good faith.

Torres now appeals the denial of his § 3582(c)(2) motion and moves to proceed IFP on appeal to question the denial of IFP status and the certification that his appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). In gist, Torres asserts that his appeal presents the issue whether his sentence should be reduced to negate the § 2D1.1(b)(1) enhancement, which he claims to have been unconstitutional.

To proceed IFP on appeal, a movant must first show that he is a pauper and that he appeals in good faith, i.e., that the appeal presents a nonfrivolous issue. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). An appeal is frivolous if it "lacks an arguable basis in law or fact." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Torres has not shown that his appeal presents a nonfrivolous issue. Accordingly, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Carson*, 689 F.2d at 586; 5TH CIR. R. 42.2.