# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40326
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2015

Lyle W. Cayce
Clerk

STATE OF TEXAS; STATE OF ALABAMA; STATE OF GEORGIA; STATE OF IDAHO; STATE OF INDIANA, ET AL.,

Plaintiffs–Appellees,

versus

UNITED STATES OF AMERICA, ET AL.,

Defendants,

MITCHELL WILLIAMS,

Movant–Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CV-254

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40326

Mitchell Williams requests permission to proceed *in forma pauperis* ("IFP") in his appeal of the denial of his *pro se* motion to intervene. A movant seeking leave to proceed IFP on appeal must show that he is a pauper and that the appeal is taken in good faith, *i.e.*, that it presents nonfrivolous issues. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Frivolous is defined as "lack[ing] an arguable basis in law or fact." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). "A ruling denying intervention of right is reviewed de novo." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

The district court did not err in denying Williams's request to intervene because, *inter alia*, he does not have an "interest relating to the property or transaction that is the subject of the action." FED. R. CIV. P. 24(a)(2). An intervenor fails to show a sufficient interest where he seeks to intervene solely for economic reasons. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 466 (5th Cir. 1984) (en banc). Williams's motion to intervene was based on an asserted economic interest; thus, it was insufficient to merit intervention of right. *See id.*

Accordingly, the motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.