# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51116
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2016

Lyle W. Cayce
Clerk

MARK WALTERS,

Plaintiff - Appellant

v.

BRAD LIVINGSTON; THOMAS PRASIFKA; JONI WHITE,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-1072

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Mark Walters, former Texas prisoner # 1596102, challenges the dismissal of his federal violation-of-religious-freedom and constitutional claims against three Texas Department of Criminal Justice (TDCJ) officials.

In January 2012, while confined at a TDCJ facility, Walters officially changed his faith preference to Native American; at the time, he resided in a

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-51116

Native-American-designated housing unit.    That April, Walters was transferred to a non-Native-American unit.  While en route to that unit, he was involved in an incident with a corrections officer, and subsequently was found guilty of a disciplinary violation.  (Walters asserts the incident never occurred.)  As a result of that violation, his custody level was increased to G4: "medium custody".  Walters' later request for a transfer back to a Native-American unit was denied because, pursuant to TDCJ policy, G4 inmates are ineligible for such transfers.

Walters sued in state court claiming, *inter alia*, violations of the First and Fourteenth Amendments.  Following removal to federal court, where the parties consented to a magistrate judge's (MJ) presiding, Walters twice amended his complaint, and the parties cross-moved for summary judgment.  In June 2014, Walters was released from prison.  As a result, the TDCJ officials moved for dismissal on the basis of mootness.  Walters moved to amend his complaint a third time; his request was denied.

That September, the MJ dismissed:  pursuant to Rule 12(b)(1), Walters' federal-official-capacity claims for injunctive and declaratory relief; and, pursuant to Rule 12(b)(6), his federal-official-capacity claims for monetary damages.  Additionally, the MJ awarded summary judgment against Walters' federal-individual-capacity claims.  Finally, the MJ declined to exercise supplemental jurisdiction over Walters' remaining state-law claims, and remanded them to state court.  Walters appeals the dismissal, summary judgment, and several of the MJ's other rulings.

First, Walters asserts the TDCJ's religious-transfer policy is facially unconstitutional, and maintains the MJ failed to consider this challenge.  Even affording his *pro se* pleadings the liberal construction to which they are entitled, *e.g.*, *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), Walters'

2

contentions for this issue are waived, because he failed to properly preserve them at the summary-judgment stage. *See Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002).

Second, Walters challenges:　the MJ's overruling his objection to an extension of time for the TDCJ officials to file a renewed summary-judgment motion; and, the denial of his related motion to expedite summary judgment. A court's modification of a scheduling order is reviewed for abuse of discretion. *E.g.*, *Huval v. Offshore Pipelines, Inc.*, 86 F.3d 454, 458 (5th Cir. 1996). The request for an extension was prompted by Walters' filing his second amended complaint, and valid reasons were offered for why the TDCJ officials could not reasonably meet the motions deadline. *See Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). Moreover, Walters' ability to seek declaratory and injunctive relief was not prejudiced by the extension; accordingly, he fails to show the MJ abused his discretion. *See Huval*, 86 F.3d at 458.

Third, Walters asserts the MJ erred in dismissing, under Rule 12(b)(1), his federal injunctive-and-declaratory-relief claims.　Dismissal was proper, however, because Walters' claims became moot upon his release from prison. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

Fourth, Walters maintains the MJ erred in dismissing, under Rule 12(b)(6), his federal-official-capacity claims for monetary damages. Walters' assertions are unavailing, because "neither a state nor its officials acting in their official capacities are 'persons' under § 1983". *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Walters' monetary-damages claims

were properly dismissed. *Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014).

Fifth, Walters contends the MJ erred in awarding summary judgment against his remaining federal claims. A summary judgment is reviewed *de novo*, applying the same standards as the district court. *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014). Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a). For the following reasons, no genuine disputes of material fact exist for any of Walters' claims.

In his opening brief, Walters fails to present any contentions for how the TDCJ officials were involved with the claimed violation of his due-process rights. Accordingly, he has abandoned this challenge. *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief, even by *pro se* litigants . . . are waived.").

Regarding his assertion that his right to religious freedom was violated, Walters fails to show a genuine dispute of material fact exists for whether the TDCJ officials: were personally involved in the decision to transfer him from the Native-American unit; were personally involved in the denial of his transfer request; or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation". *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (internal quotation marks omitted). For his failure-to-train and supervisory claims, Walters offers nothing more than conclusory allegations, which are insufficient to defeat summary judgment. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

No. 14-51116

For his equal-protection claim, Walters briefs no contentions regarding individual defendant Brad Livingston; therefore, he has abandoned that claim against him. *Yohey*, 985 F.2d at 224–25. For the other TDCJ officials, Walters contends his equal-protection claim is based on their failure to train and supervise personnel. To pursue an equal-protection claim independent of his free-exercise claim, Walters "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent". *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). Walters fails to allege any specific facts showing the complained-of actions were done with a discriminatory intent. Along that line, because he fails to demonstrate an underlying constitutional violation, he cannot establish a basis for supervisory liability against the TDCJ officials. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006).

Sixth, Walters challenges the MJ's denial of his motion for leave to file a third amended complaint, in order to add two current TDCJ inmates as plaintiffs. Because Walters failed to show good cause existed to allow the amendment, *see Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008), the MJ did not abuse his broad discretion. *See Crostley v. Lamar Cty., Tex.*, 717 F.3d 410, 420 (5th Cir. 2013); *see also Noel v. Webre*, 426 F. App'x 247, 248 (5th Cir. 2011).

Finally, Walters abandons, by failing to brief, any challenge to the MJ's refusal to exercise supplemental jurisdiction over his state-law claims. *See Yohey,* 985 F.2d at 224–25.

AFFIRMED.