# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 3, 2018

Lyle W. Cayce
Clerk

No. 17-10416
Summary Calendar

MILO WILLIAMS, also known as Milo Cradale Williams, also known as John
Thompson, also known as Carlos Golden,

Plaintiff-Appellant

v.

GERALD E. BEDISON, Chaplain; JAMES BEACH, Assistant Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:16-CV-20

Before DAVIS, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Milo Williams, Texas prisoner # 1223229, is an adherent of the Moorish Science Temple of America sect of Islam (MSTA). While in the custody of the Texas Department of Criminal Justice's (TDCJ) Clements Unit, Williams filed a 42 U.S.C. § 1983 lawsuit alleging that Gerald Bedison, the Clements Unit chaplain, and James Beach, an assistant warden at the Clements Unit,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10416

deprived Williams of his right to freely practice his religion when they refused to provide primary services for the practice of his MSTA faith. The district court dismissed Williams's claims against Beach as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and granted Bedison's motion for summary judgment.

As an initial matter, because Williams disavowed and thus waived any right to relief under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, in the district court, to the extent that he now seeks review of any claims under the RLUIPA, those claims are not properly before us, and we do not consider them.

We review the grant of a motion for summary judgment de novo. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). "[I]nmates retain their First Amendment right to exercise religion; however, this right is subject to reasonable restrictions and limitations necessitated by penological goals." *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (footnotes omitted). A restriction "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Bedison's summary judgment evidence established that there existed a legitimate penological interest for denying Williams primary services for the practice of his MSTA faith. Williams's competent summary judgment evidence, consisting solely of the allegations in his verified complaint, *see Nissho-Iwai Amer. Corp. v. Kline*, 845 F.2d 1300, 1305-06 (5th Cir. 1988), failed to establish a genuine dispute regarding this issue, *see* FED. R. CIV. P. 56(a). Accordingly, Williams has failed to demonstrate that the district court erred in granting Bedison summary judgment on his First Amendment claims.

To establish a Fourteenth Amendment equal protection claim, Williams "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed

2

from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). The record evidence establishes that Williams and MSTA adherents were treated similarly to other non-major faith groups in the TDCJ system through the TDCJ's policies and practices. Williams's claims that Bedison discriminated against MSTA adherents or that Bedison allowed similarly-situated inmates from other non-major faith preferences to hold separate religious services, while denying that right to Williams and MSTA adherents, are not supported by any competent summary judgment evidence. Accordingly, Williams has failed to demonstrate that the district court erred in granting Bedison summary judgment as to his Fourteenth Amendment claims.

Because the district court's findings that Bedison did not violate Williams's First Amendment free exercise and Fourteenth Amendment equal protection rights were not wrong, we also see no error in the district court's finding that Bedison is protected from Williams's claims by the Eleventh Amendment and qualified immunity doctrines. Furthermore, given that Williams has failed to establish that the failure to provide him with primary religious services for MSTA adherents violated his constitutional rights, the district court did not abuse its discretion in dismissing Williams's claims against Beach as frivolous. *See Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997); *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

The district court's judgment is AFFIRMED.