# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2021

Lyle W. Cayce
Clerk

No. 20-10784

Amos Lott Simms,

*Plaintiff—Appellant*,

*versus*

Law Library Staff, *Preston E. Smith Unit*; Ms. Rebber, *Mailroom Supervisor*; Officer Glaces, *Law Library Officer*; Ms. Reimer, *Grievance Department Supervisor*; Ms. Brown, *Grievance Department*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CV-204

Before Stewart, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Amos Lott Simms, Texas prisoner # 2171652, moves for leave to proceed in forma pauperis (IFP) to appeal the dismissal of his suit under 42 U.S.C. § 1983 as moot and unauthorized and the denial of his Federal Rule

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

of Civil Procedure 59(e) motion. By moving in this court to appeal IFP, Simms challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Good faith is lacking anytime the appeal does not involve "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). A filing is frivolous if it "lacks an arguable basis in law or fact, and a complaint lacks such a basis if it relies on an indisputably meritless legal theory." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001).

Simms does not address how the district court may have erred in denying his Rule 59(e) motion, in ruling that his claim was moot, and in ruling that the court had no authority to order the requested relief. He thus effectively abandons any challenges to those rulings. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because his complaint is frivolous, *see Taylor*, 257 F.3d at 472, and his appeal is not in good faith, *see Howard*, 707 F.2d at 220, the IFP motion is DENIED and the appeal is DISMISSED as frivolous. *See Taylor*, 257 F.3d at 472; *see also Baugh*, 117 F.3d at 202 & n.24; FED. R. APP. P. 24(a)(3); 5TH CIR. R. 42.2.

The dismissal of the complaint as frivolous and for failure to state a claim and the dismissal of this appeal as frivolous each counts as a strike under the Prison Litigation Reform Act. *See* § 1915(g); *Coleman v. Tollefson*, 575 U.S. 532, 535-37 (2015). Simms is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is DIRECTED to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.