# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-10211
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2023

Lyle W. Cayce
Clerk

Charles Fredrick Roberts, III,

*Plaintiff—Appellant,*

*versus*

Dallas County; Several Other Counties Nationwide;
Grand Praire Jail,

*Defendants—Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2214

_____

Before Higginbotham, Higginson, and Douglas, *Circuit Judges.*
Per Curiam:[*]

Charles Fredrick Roberts, III, moves to proceed in forma pauperis (IFP) on appeal from the dismissal, as frivolous, of his civil rights complaint. The district court certified that the appeal was not taken in good faith. By moving in this court to proceed IFP, Roberts is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

1997).  Our inquiry is limited to whether the appeal "involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

In his brief to this court, Roberts reframes his constitutional claims as relating to sexual privacy and marital privacy, and he now seeks to raise a claim under the Ninth Amendment, rather than the First Amendment.  To the extent Roberts is attempting to raise new claims, he may not do so, as a party is not permitted "to raise an issue for the first time on appeal merely because [he] believes that he might prevail if given the opportunity to try a case again on a different theory." *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (internal quotation marks and citation omitted).  In any event, no matter how they are styled, claims that Roberts' constitutional rights have been violated because he has suffered psychological harm from the sexual behavior of others are frivolous because they rely on an "indisputably meritless legal theory." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001).

In view of the foregoing, Roberts' conclusional assertion that there was no factual or legal basis for the dismissal of his complaint, fails to raise a nonfrivolous issue for appeal.  *See Howard*, 707 F.2d at 220.  His claim of judicial bias also fails to raise a nonfrivolous issue, as it is based on nothing more than adverse rulings, which, except in circumstances that are not present here, are insufficient to show judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).  Finally, Roberts' assertion of error in the denial of his motion for security proceedings does not provide a nonfrivolous issue for appeal.

Because Roberts does not raise a nonfrivolous issue for appeal, his IFP motion is DENIED.  *See Baugh*, 117 F.3d at 202.  His appeal lacks arguable merit and is DISMISSED as frivolous.  *See id.* at 202 n.24; *Howard*, 707

No. 23-10211

F.2d at 219-20; 5TH CIR. R. 42.2. Roberts' motion to place the case under seal is DENIED.