# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-10679
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2013

Lyle W. Cayce
Clerk

COSTROMA MITCHELL,

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; BRAD LIVINGSTON, Executive Director; RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; EDDIE WHEELER, Senior Warden; FNU LEAL, Assistant Warden; SERGEANT WENDY DOANE; MAJOR FNU LOFTON; CAPTAIN FNU HOOPER; FNU LAWSON; DENNIS MELTON, Unit Health Administrator; LIEUTENANT PATRICK SWANNER,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-45

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Costroma Mitchell, Texas prisoner # 689820, moves to proceed in forma pauperis (IFP) to appeal the magistrate judge's (MJ) dismissal with prejudice as frivolous of his 42 U.S.C. § 1983 suit. By moving to proceed IFP, Mitchell is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the MJ's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5).

Mitchell argues that officials at the French Robertson Unit of the Texas Department of Criminal Justice violated the Religious Land Use and Institutionalized Persons Act (RLUIPA) when they made him chose between going to a medical appointment at the Montford Unit Hospital and observing a religious holiday and receiving a disciplinary case for not keeping the appointment. Given Mitchell's testimony that, under no circumstance, did he ever want to go to the Montford Unit for medical treatment, the MJ, whom Mitchell consented to proceed before, did not abuse his discretion in dismissing the RLUIPA claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See* 42 U.S.C. § 2000cc-1(a); *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004); *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). As Mitchell expressly states that he wished to raise a claim only under RLUIPA, any challenge to the denial of the remaining claims considered by the MJ has been abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Mitchell has not shown that his appeal involves "legal points arguable on their merits (and therefore not frivolous)," *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), the motion for leave to proceed IFP on appeal is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Mitchell is cautioned that the dismissal of his complaint in the district court as frivolous and the dismissal of this appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mitchell is further cautioned that if he accumulates three strikes he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.