# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60316

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2020

Lyle W. Cayce
Clerk

RONNIE EDWARD SMITH,

Plaintiff-Appellant

v.

PELICIA HALL; JOE ERRINGTON, Superintendent of South Mississippi Correctional Institution; R. PENNINGTON,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CV-128

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

In this 42 U.S.C. § 1983 action, Ronnie Edward Smith, Mississippi prisoner # 37556, alleges that the defendant prison officials violated his Eighth Amendment rights by adopting customs and practices of housing nongang members, such as Smith, with a majority of gang members, thereby subjecting Smith and other nongang members to future imminent danger of serious physical injury. He acknowledges that he is not currently housed with a majority of gang members or subjected to harm by gang members. Smith

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requests declaratory and injunctive relief, plus court costs, but no damages. The district court determined that Smith's complaint implicates no constitutional right and is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Also, the district court determined that Smith does not appeal in good faith and therefore denied him permission to proceed in forma pauperis (IFP) on appeal.

Smith now seeks our permission to appeal IFP to challenge the district court's denial of IFP status and certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); § 1915(a)(3); FED. R. APP. P. 24(a)(3). An appeal is frivolous if it "lacks an arguable basis in law or fact." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001).

Smith does not show that his appeal presents a nonfrivolous issue. *See id.*; *see also Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994); *Mowbray v. Cameron Cty., Tex.*, 274 F.3d 269, 278 (5th Cir. 2001); *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). His IFP motion is therefore DENIED, and this appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2; FED. R. APP. P. 24(a)(3).

The dismissal of the complaint by the district court and the dismissal of this appeal as frivolous each counts as a strike under § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Additionally, Smith was previously assessed a strike by the district court in a separate proceeding. *See Smith v. U.S. Dept. of Justice,* No. 1:16-cv-387 (S.D. Miss. Apr. 17, 2017) (unpublished). Because he now has three strikes against him, Smith is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See Coleman,* 135 S. Ct. at 1761. Additionally, Smith is WARNED that frivolous,

2

No. 19-60316

repetitive, or otherwise abusive filings will invite the imposition of additional sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988). Further, Smith is WARNED that he ought to review such appeals and actions as he may have pending and move to dismiss any frivolous ones.