# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2020

Lyle W. Cayce
Clerk

No. 19-20212

ANTHONY ORTIZ,

Plaintiff-Appellant

v.

LORIE DAVIS; WARDEN ROBERT D. HERRERA; LIEUTENANT CLARENCE HOUSTON; COV SHARON M. BONIABY; ASSISTANT WARDEN DONALD J. BILNOSKI; TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3555

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

In this 42 U.S.C. § 1983 action, Anthony Ortiz, Texas prisoner # 753367, alleges that the defendants violated his Eighth Amendment rights by subjecting him to conditions of extreme heat in his housing unit and violated his right to due process in a disciplinary proceeding and in the grievance process that followed. The district court determined that Ortiz's complaint

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20212

implicates no constitutional right and is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  Also, the district court determined that Ortiz does not appeal in good faith and therefore denied him permission to proceed in forma pauperis (IFP) on appeal.

Ortiz now seeks our permission to appeal IFP to challenge the district court's denial of IFP status and certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); § 1915(a)(3); FED. R. APP. P. 24(a)(3).  An appeal is frivolous if it "lacks an arguable basis in law or fact." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001).

Ortiz's brief before this court does not address either the findings or the conclusions of the district court underlying the dismissal of his due process claims.  Instead, the brief largely focuses on the Eighth Amendment heat-related claims (which Ortiz seems to amalgamate with the showing needed to overcome a three-strikes bar under § 1915(g)), except that the brief does not address the district court's ruling that the heat-related claims are not cognizable in the instant action but must instead be litigated in a class action suit from which Ortiz is not opted out.  Additionally, the brief does not mention the dismissal of Ortiz's summary judgment motion.  And, contrary to briefing requirements, Ortiz does not provide a single citation to the record.  *See* FED. R. APP. P. 28(a)(8)(A).

This court "will not raise and discuss legal issues that [Ortiz] has failed to assert." *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  By failing to address the district court's reasons for dismissing his due process claims, for precluding litigation of the heat-related claims in the instant suit, and for dismissing his summary judgment motion, Ortiz has abandoned those claims on appeal. *See id.*; *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Consequently, Ortiz has not demonstrated that he has a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. His IFP motion is therefore DENIED, and this appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2; FED. R. APP. P. 24(a)(3). Additionally, his motion for a temporary restraining order and his motion for appointment of counsel are both DENIED.

The dismissal of the complaint by the district court and the dismissal of this appeal as frivolous each counts as a strike under § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Additionally, Ortiz was previously assessed a strike by the district court in a separate proceeding. *See Ortiz v. UTMB, et al.*, No. 4:18-cv-51 (S.D. Tex. Mar. 1, 2018) (unpublished). Because he now has three strikes against him, Ortiz is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See Coleman*, 135 S. Ct. at 1761. Additionally, Ortiz is WARNED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988). Further, Ortiz is WARNED that he ought to review such appeals and actions as he may have pending and move to dismiss any frivolous ones.