# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2021

Lyle W. Cayce
Clerk

No. 20-30135

Leonardo Cushenberry,

*Plaintiff—Appellant*,

*versus*

Amanda Cowan; Jamie Cashio,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-402

Before Southwick, Graves, and Costa, *Circuit Judges*.
Per Curiam:*

In this 42 U.S.C. § 1983 action, Leonardo Cushenberry, Louisiana prisoner # 297345, alleges that all prison officials and employees named as defendants in this suit violated his Eighth Amendment rights by demonstrating deliberate indifference to his serious medical needs. Additionally, he alleged a violation of due process.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30135

The district court rendered final judgment against Cushenberry, ruling that his complaint as amended implicates no violation of his constitutional rights. Also, citing 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), the district court determined that Cushenberry does not appeal in good faith and therefore denied him permission to proceed in forma pauperis (IFP) on appeal.

Cushenberry seeks our permission to appeal IFP to challenge the district court's denial of IFP status and certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Good faith is lacking anytime the appeal does not involve "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). A filing that "lacks an arguable basis in law or fact" is frivolous, "and a complaint lacks such a basis if it relies on an indisputably meritless legal theory." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001).

Cushenberry does not show that his appeal presents a nonfrivolous issue. *See id.* He does not address the district court's reasoning that: his claim against Assistant Warden Tracey Falgout for action allegedly taken in 2013 is time barred; the official capacity claims for damages are barred by the Eleventh Amendment; his claims of respondeat superior liability against Secretary James LeBlanc, Warden Darryl Vannoy, Dr. Randy Lavespere, and Falgout fail to state an actionable claim; and he fails to establish a due process violation based on an allegedly false disciplinary charge. With regard to those matters, Cushenberry has effectively abandoned any contention that he has claims arguable in law or fact and that he appeals in good faith. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Cushenberry's other claims rely on indisputably meritless legal theories and are consequently frivolous. *See Taylor,* 257 F.3d at 472; *see also Gobert v.*

No. 20-30135

*Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Therefore, Cushenberry's IFP motion is DENIED, and this appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2; FED. R. APP. P. 24(a)(3)(A). Cushenberry's motion for judicial notice is DENIED as well.

Cushenberry is ADVISED that the dismissal of this appeal as frivolous counts as a strike under § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 535-37 (2015). Additionally, Cushenberry is WARNED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988). Further, Cushenberry is WARNED that he ought to review such appeals and actions as he may have pending and move to dismiss any frivolous ones.